# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1096 | **DATE** | 12/29/2011 |
| **CASE TITLE** | Leonard vs. Acevedo | | |

**DOCKET ENTRY TEXT**

For the reasons given below, the Court grants Respondent's motion to dismiss Leonard's petition with prejudice [DKT 10]. Furthermore, the Court denies a certificate of appealability. To the extent that Petitioner filed his response as a separate motion [DKT 16], that motion is denied.

■[ For further details see text below.]

Docketing to mail notices.
Mailed AO 450 form.

# STATEMENT

On February 9, 2011, Petitioner Leonard filed a petition for habeas relief in this Court, claiming that his trial counsel violated his Sixth Amendment rights by failing to call available defense witnesses or use medical records to impeach a key prosecution witness. The Respondent has moved to dismiss that petition as time-barred under the one-year statute of limitations imposed on federal habeas claims under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

## I. BACKGROUND

On May 11, 2005, an Illinois state court sentenced Petitioner Anthony Leonard to 30 years of imprisonment on three counts of attempted first-degree murder and two counts of aggravated battery with a firearm. He filed a direct appeal, but then withdrew the petition effective August 31, 2006. The parties therefore agree that direct review ended by May 27, 2005, when the trial court denied his motion to reconsider his conviction.

Under 725 Ill. Comp. Stat. 5/122-1(c), Petitioner had three years from the date of conviction to file a state petition for post-conviction relief because he did not take a direct appeal. With the help of counsel, Petitioner did so on May 29, 2007. He alleged the same failures of representation then that he alleges now: that in failing to call two alibi witnesses and one eyewitness to the shooting, and failing to impeach a prosecution witness with medical evidence of intoxication, Leonard's trial counsel violated his Sixth Amendment rights. No party disputes that that petition was timely under state law.

The Illinois trial court held a hearing on Petitioner's claims, but denied his petition on September 9, 2008. The court made a number of findings which undermine the credibility of Leonard's proffered witnesses. Leonard timely appealed, but the denial of his petition was affirmed on May 7, 2010, and rehearing was denied on June 4, 2010. His request for leave to appeal to the Illinois Supreme Court was denied on September 29, 2010. He did not seek certiorari to the U.S. Supreme Court. Petitioner subsequently submitted his federal habeas petition.

| STATEMENT |
|---|

## II. <u>LEGAL STANDARD</u>

A person in custody pursuant to a state court judgment must file any federal habeas claim within one year. 28 U.S.C. § 2244(d)(1). As applicable here, that time began to run when "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In Illinois, Defendants have 30 days to file a notice of appeal after conviction. Ill. Sup. Ct. R. 606(b). If a defendant does not file an appeal, his conviction thus becomes final for federal habeas purposes 30 days after his conviction is final at the trial level. *See Knight v. Bartley*, No. 07 C 6098, 2011 WL 862046, at *2 (N.D. Ill. March 4, 2011).

A petitioner has not complied with the requirement that he exhaust his state remedies if he still has an avenue under state law to present the questions in his federal petition. 28 U.S.C. § 2254(c); *Carey v. Saffold*, 536 U.S. 214, 220 (2002). Accordingly, the federal one-year statute of limitations is tolled while any properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2).

The habeas statute of limitations can be equitably tolled if a petitioner can show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2560, 2562 (2010). However, attorney negligence, including deadline miscalculation, is not sufficient to invoke equitable tolling. *Lawrence v. Fla.*, 549 U.S. 327, 337 (2007).

## III. <u>DISCUSSION</u>

Respondent has moved to dismiss Petitioner's §2254 petition as time-barred. As noted above, the parties agree that Petitioner's direct review process ended on May 27, 2005, when the trial court rejected Petitioner's request for reconsideration. Under the Illinois Supreme Court Rules, his conviction became final 30 days later, on June 26, 2005. The parties also agree that Petitioner did not file his state court petition for post-conviction relief until May 29, 2007, 700 days later. The key dispute lies in whether or not the AEDPA one-year statute of limitations can run before the applicable statute of limitations for state post-conviction relief has run.

Petitioner's argument presumes that so long as his petition for state post-conviction relief was timely filed and appealed under state law, the statute of limitations for federal relief did not begin to run. This is not an illogical assumption, given that the federal habeas statute requires a petitioner to exhaust his state remedies before filing in federal court. 28 U.S.C. § 2254. However, that is not how the statute is written. Only a petition that has been "properly filed" will toll the limitations period. 28 U.S.C. § 2244(d)(2). Because he did not file a petition in either state or federal court within one year, his federal petition is untimely. *See United States* ex rel. *Lloyd v. Davis*, No. 11 C 952, 2011 WL 4916357, at *2 (N.D. Ill. October 14, 2011).

One could argue (though Petitioner did not) that it is unfair to have expected him to file his federal petition by June 26, 2006, when his direct appeal was not withdrawn until August 31, 2006. However, as Respondent points out, even if the statute began to run on September 1, 2006, the petition is still untimely. Under this calculation, the statute of limitations ran untolled from September 1, 2006, until Leonard's state petition was filed on May 29, 2007 (270 days). That petition process ended, and the statute began to run again, when the Supreme Court of Illinois denied him leave to appeal on September 29, 2010. Petitioner was not entitled to exclude any time in which he could have petitioned the U.S. Supreme Court, *Lawrence,* 549 U.S. at 337, and thus the statute ran for an additional 132 untolled days until he filed his federal petition. Thus, even under the more generous calculation, Leonard's petition was 37 days too late.

Petitioner reiterates that he alleges ineffective assistance of counsel, but does not seem to argue that his *petition* counsel was unreasonably ineffective in letting the federal deadline run. In any event, legal negligence such as misunderstanding a statutory deadline will not equitably toll the habeas laws. *Lawrence,*

| STATEMENT |
|---|

549 U.S. at 337. Accordingly, Petitioner's request for habeas relief is time-barred, and will be dismissed.

### IV. **CERTIFICATE OF APPEALABILITY**

To receive a certificate of appealability, a habeas petitioner must make a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2). When a District Court has denied a petition on procedural grounds without reaching the underlying constitutional claim, the petitioner must show that reasonable jurists would debate: a) whether the petition adequately alleges the denial of a constitutional right; and b) whether the procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Here, as explained above, Petitioner's claim is time-barred. He has not shown, nor likely could he, that reasonable jurists would resolve the procedural ruling differently. Accordingly, the Court declines to issue a certificate of appealability.

### V. **CONCLUSION**

For the reasons given above, this Court grants Respondent's motion and dismisses Leonard's petition for a writ of habeas corpus with prejudice. Furthermore, this Court denies a certificate of appealability.